**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

SAMUEL JAMES SAELI,
      Plaintiff,

v.

CHAUTAUQUA COUNTY, NY, et al.,
      Defendants.

**DECISION AND ORDER**
17-cv-6221

---

### Preliminary Statement

*Pro se* plaintiff Samuel James Saeli ("plaintiff" or "Saeli") brought this action pursuant to 42 U.S.C. § 1983, alleging violations of his Eighth and Fourteenth Amendment rights. See Compl. (Docket # 1). Currently pending before the Court are plaintiff's motions to appoint counsel (Docket # 29); to impose sanctions (Docket # 30); and to extend time (Docket # 43). At the plaintiff's request, a status conference was held on March 26, 2019, at which the Court ordered that certain discovery be provided to the plaintiff and stayed further discovery until a decision is made on a forthcoming motion for summary judgment. See Docket # 47. For the following reasons, plaintiff's motion to appoint counsel is **denied without prejudice to renew**, the motion to impose sanctions is **denied as moot**, and the motion to extend time is **denied as moot**.

### Discussion

Motion to Appoint Counsel (Docket # 29): Saeli alleges that the defendants instituted a handcuffing policy that resulted in

1

nerve damage, used excessive force on him unnecessarily after he fainted in the shower, denied him adequate medical care, and maintained his jail cell in such condition that mold and rust formed and "the water in the toilet was beginning to freeze." See Compl. (Docket # 1).

In his motion, plaintiff argues he needs court-appointed counsel because he lacks legal training, access to "legal services and references", and because the "legal aspects of this matter are complex." Docket # 29. "Volunteer lawyer time is a precious commodity" that "should not be allocated arbitrarily." Cooper v. A Sargenti Co., Inc., 877 F.2d 170, 172 (2d Cir. 1989). There are far more *pro se* cases in this district than there are attorneys to represent the litigants. See Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994). Nevertheless, a court has the discretion to appoint counsel to represent indigent litigants pursuant to 28 U.S.C. § 1915(e) when the facts of the case warrant it. Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988); see also In re Martin-Trigona, 737 F.2d 1254, 1260 (2d Cir. 1984). The Second Circuit set forth the factors to be considered in deciding whether or not to assign counsel in Hodge v. Police Officers:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting

2

evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues, and any special reason in the case why appointment of counsel would be more likely to lead to a just determination.

802 F.2d, 58, 61-62 (2d Cir. 1986).

In applying the Hodge factors, I believe plaintiff's allegations satisfy the initial threshold showing of merit of plaintiff's allegations. See, e.g., Usavage v. Port Authority of New York and New Jersey, 932 F. Supp. 2d 575, 597 (S.D.N.Y. 2013) (denying defendants' summary judgment motion on the question of plaintiff's nerve damage from too-tight handcuffs); Maguire v. Coughlin, 901 F. Supp. 101, 104-05, 107 (N.D.N.Y. 1995) (denying defendants' summary judgment motion as to plaintiff's claim for "constitutionally inadequate cell conditions" where plaintiff complained his cell was cold and he was not given bed linens).[1] However, after reviewing the complaint and considering the nature of the factual and legal issues involved as well as plaintiff's ability to present his claims, I conclude that appointment of counsel is not warranted at this time.

Plaintiff's *pro se* complaint is clearly written and adequately describes the events that led to his alleged injuries, even despite plaintiff's lack of legal training. In addition,

---

[1] In assessing these claims for the purpose of appointment of counsel, the Court expresses no opinion as to whether plaintiff's claims can withstand motions to dismiss or for summary judgment.

plaintiff has filed several motions, all of which are well-written, easy to comprehend and contain appropriate legal citations to support his position and arguments. Plaintiff appears sufficiently knowledgeable and equipped to understand and proceed with this litigation. See Castro v. Manhattan E. Suite Hotel, 279 F. Supp. 2d 356, 358 (S.D.N.Y. 2003) (denying appointment of counsel where "the case does not present novel or overly complex legal issues, and there is no indication that [plaintiff] lacks the ability to present his case").

Given the limited resources available with respect to *pro bono* counsel, the Court finds no "special reason" why appointment of counsel now would be more likely to lead to a just determination. See Boomer v. Deperio, No. 03-CV-6348L, 2005 WL 15451, at *1-2 (W.D.N.Y. Jan. 3, 2005) (denying motion to appoint counsel despite plaintiff's claims that the matter was complex and he had a limited knowledge of law); Harris v. McGinnis, No. 02 Civ. 6481, 2003 WL 21108370, at *2 (S.D.N.Y. May 14, 2003) (denying motion for appointment of counsel where plaintiff "offered no special reason why appointment of counsel would increase the likelihood of a just determination"). At this juncture, I do not see a need for appointment of counsel. Should he need to, plaintiff may consult with the Western District's *pro se* office attorneys for questions on process and procedure. Plaintiff's motion to appoint counsel (Docket # 29) is **denied without prejudice**

**to renew** later in this litigation.

Motion for Sanctions (Docket # 30): Plaintiff sought to impose default judgment as a sanction for the defendants' alleged failure to comply with discovery deadlines. See Docket # 30. Pursuant to an order of this Court issued on March 26, 2019 (Docket # 47), directing that certain discovery be provided to plaintiff, his motion for sanctions is **denied as moot**.

Motion to Extend Time (Docket # 43): On March 7, 2019, plaintiff wrote to the Court to inform it that he would be absent from Elmira Correctional Facility, where he is currently incarcerated, for an unknown period of time and that his absence might interfere with the impending status conference and scheduling deadlines. After determining when plaintiff would be back at Elmira Correctional Facility, the status conference was held on March 26, 2019. Having assessed the case status and set new deadlines in the Court's March 26, 2019 order (Docket # 47), plaintiff's motion is **denied as moot**.

## Conclusion

For the foregoing reasons, plaintiff's motion to appoint counsel (Docket # 29) is **denied without prejudice to renew**; plaintiff's motion for sanctions (Docket # 30) is **denied as moot**; and plaintiff's motion to extend deadlines (Docket # 43) is **denied as moot**.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: March 29, 2019
Rochester, New York